IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-01231-BNB-CBS

UNITED STATES OF AMERICA,

Plaintiff,

v.

COLORADO MUFFLERS UNLIMITED, INC.,

Defendant.
_____

**ORDER**
_____

This matter is before me on the **United States' Motion to Correct Order and Amended Judgment Pursuant to Federal Rule of Civil Procedure 60(a)** (the "Motion to Correct"), filed June 9, 2005. I set the Motion for a hearing to occur this morning at 10:30 a.m. No one appeared at the hearing, nor was I contacted concerning the parties' failure to appear.

On May 19, 2003, I granted the United States' motion for summary judgment and awarded it $88,768.70 in taxes erroneously refunded. Since that time, I have attempted to award the United States interest, without success. I blame this failure on the lawyers for the government.

In my order granting summary judgment, I stated that "[f]urther briefing is required on the United States' request for an award of interest." Order, entered May 19, 2003, at p.1. Specifically, I noted that the United States sought an award of interest on the erroneous refund pursuant to 26 U.S.C. § 6602. Section 6602 provides:

> Any portion of an internal revenue tax (or any interest, assessable
> penalty, additional amount, or addition to tax) which has been

> erroneously refunded, and which is recoverable by suit pursuant to section 7405, shall bear interest at the underpayment rate established under section 6621 from the date of the payment of the refund.

Consequently, I ordered the United States to submit a brief "explaining and quantifying the amount of interest claimed and the basis of entitlement." Order, entered May 19, 2003, at p.7.

In response to my May 19 Order, the United States on June 4, 2003, submitted a claim for interest in the amount of $15,232.24, "through June 4, 2003." United States' Memorandum Regarding Interest Pursuant to 26 U.S.C. § 6602 (the "Memorandum"), at p.3. In its Memorandum, the United States explained:

> As set forth in Section 6621 of the Code, the underpayment rate is "the sum of (A) the Federal short-term rate determined under subsection (b), plus (B) 3 percentage points." The Federal short-term rate is based on the average market yield for the first month in each quarter on outstanding marketable obligations of the United States with remaining periods of maturity of 3 years or less. Any such rate is rounded to the nearest full percent.

Id. at p.2 (internal citations omitted).

The Memorandum included the Declaration of Andrew Jones (the "Jones decl."), which stated that he had "reviewed the Internal Revenue Service transcripts of account . . . and input the erroneous refund into TaxInterest, a computer program which performs interest computations applying the appropriate interest rates, compounded daily. The amount of interest due, as of June 4, 2003, is $15,232.24." Jones decl. at ¶¶3-4. Mr. Jones did not include in his declaration or its attachments any information as to the amount of the interest rate charged for any particular period of time, nor was there a worksheet demonstrating the interest calculation or daily compounding.

Not surprisingly, the defendants objected to the United States' interest claim, stating that "[n]owhere in his affidavit, or its attached exhibits, does Mr. Jones set forth the applicable Federal short-term rate, or the total interest rate, which the calculations are based on." Opposition to United States' Memorandum Regarding Interest Pursuant to 26 U.S.C. 6602 (the "Opposition").

In its reply, rather than addressing the defendants' objection and providing a statement of the Federal short-term rate and/or a worksheet showing the interest calculation, the United States stated:

> The Court can take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Federal Rule of Evidence requires that the Court "shall take judicial notice if requested by a party and supplied with the necessary information." The United States asks that the Court take judicial notice of the pertinent Federal short-term rates.
>
> Federal short-term rates are published by the Internal Revenue Service in Revenue Ruling, 26 C.F.R. § 301.6621-1(a)(3), and are capable of accurate and ready determination by examining the appropriate Revenue Rulings. For example, Revenue Ruling 2001-16, provides that the interest rate under Section 6621 for the second quarter of 2001, beginning April 1, 2001, was 8% for underpayments. Inasmuch as the Court can take judicial notice of the Federal short-term rates, and the defendant does not otherwise challenge the interest amount calculated by the Internal Revenue Service, the Court should find that the amount of interest due, as of June 4, 2003, is $15,232.24.

United States Reply Regarding Interest Pursuant to 26 U.S.C. § 6602 (the "Reply")(internal footnotes omitted).

The United States has the expertise to readily locate the Federal short-term rates applicable to the period at issue here and to prepare the interest calculation, compounding it

daily as required by 26 U.S.C. § 6622. Yet, it refused to provide that information, however, even though it was requested both by my order of May 19, 2003, and by the defendants' Opposition. Instead of providing the necessary information, the United States indicated that I should take judicial notice of various, unspecified Revenue Rulings and conduct a complicated daily compounding function.

Rather than doing the government's work, I refused to award any interest on the judgment finding that the United States had "failed to provide sufficient information upon which to compute such an award, notwithstanding my express request that it do so." Order, entered August 5, 2003. I refused to reconsider my order denying interest.

On appeal, the circuit court reversed holding:

> In this case, the district court mistakenly treated the question of the amount of interest as a factual question that the government had the burden of proving, stating "[p]roviding an interest calculation sufficient to meet a burden of proof is not unlike 'showing your work' in fifth grade arithmetic." This was error because, here, prejudgment interest is mandated by statute and the amount owed is a matter of law, not evidence.

United States v. Colorado Mufflers Unlimited, Inc., 116 Fed.Appx 218, *223 (10th Cir. Nov. 12, 2004)(internal citations omitted).

Although it was error to refuse the government's motion to reconsider and to disallow the award of interest, the interest must be calculated. I lack the necessary information or expertise to make the calculation, and the United States refuses to provide it.

I attempted to follow the mandate of the circuit court, and on February 9, 2005, I entered an order awarding the United States the principal sum of $88,768.70; prejudgment interest of

4

$15,232.24; "[p]ost judgment interest as provided by law"; and its costs.  The Clerk of the Court thereafter entered an Amended Judgment which provides:

> IT IS FURTHER ORDERED that the plaintiff, United States, shall have the principal amount of $88,768.70 plus prejudgment interest, pursuant to 26 U.S.C. § 6602, in the amount of $15,232.24 for a total amount of $104,000.94.
>
> IT IS FURTHER ORDERED that post-interest to accrue at the rate of 2.95% from date of entry of this judgment.
>
> IT IS FURTHER ORDERED that plaintiff shall have its costs by filing a bill of costs with the clerk of the court within 10 days of entry of this judgment.

Amended Judgment, entered February 9, 2005, at p.1.

The Amended Judgment led to the instant Motion to Correct, which states in relevant part:

> The Order and Amended Judgment, however, limit the amount of prejudgment interest due to the United States to $15,232.24.  That amount was the interest due as of June 4, 2003[,] and does not reflect the amount of prejudgment interest accrued until judgment was entered.  Further, the Amended Judgment specifies that post judgment interest shall accrue at the rate of 2.95% from the date of entry of this judgment.  Interest with respect to judgments in "any internal revenue tax case[,]" though, "shall be allowed . . . at the underpayment rate or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code of 1986."
>
> \* \* \*
>
> Accordingly, an amended judgment should be entered in favor of the United States and against Colorado Mufflers Unlimited, Inc.[,] in the sum of $88,768.70, plus interest accruing from the date of payment of such amount pursuant to 26 U.S.C. §§ 6602, 6621 and 6622 and 28 U.S.C. § 1961(c).  In the alternative, an amended judgment should be entered in favor of the United States and

5

>           against Colorado Mufflers Unlimited, Inc.[,] in the sum of
>           $88,768.70, together with interest in the amount of $15,232.24 as
>           of June 4, 2003, plus interest accruing after June 4, 2003[,]
>           pursuant to 26 U.S.C. §§ 6602, 6621 and 6622 and 28 U.S.C.
>           § 1961(c).

Motion to Correct, ¶¶ 10-11.

Unfortunately, although predictably, the United States did not provide a calculation of the amount of interest claimed. Instead, in a footnote, the United States indicates that "[i]f necessary, the United States can obtain an updated amount of prejudgment interest due." Motion to Correct, ¶ 11 at n.2. I am befuddled by why, in light of the history of the case, the United States would not provide "a spread sheet or similar document containing and explaining the manner in which the claimed interest was computed," including the amount of interest charged, any fluctuations in the rate of interest, the Revenue Rulings from which all applicable Federal short-term rates were taken, and the compounding of that interest. See Order, entered August 5, 2003 (denying the government's request for an award of interest), at p.3.

The Motion to Correct is not opposed, however. Motion to Correct, p.5. Consequently, I will grant it, the apparent deficiencies notwithstanding.

IT IS ORDERED that the Motion to Correct is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment in favor of the United States and against Colorado Mufflers Unlimited, Inc., in the sum of $88,768.70; together with interest in the amount of $15,232.24 as of June 4, 2003; plus interest accruing after June 4, 2003, pursuant to 26 U.S.C. §§ 6602, 6621, 6622 and 28 U.S.C. § 1961(c); and its costs.

Dated July 18, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge

7