IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-01231-BNB-CBS

UNITED STATES OF AMERICA,

Plaintiff,

v.

COLORADO MUFFLERS UNLIMITED, INC.,

Defendant.

_____

**ORDER**
_____

This matter is before me on the defendant's **Motion for Reconsideration and/or for New Trial and/or for Void Order(s)** (the "Motion"), filed July 25, 2005.  The Motion is STRICKEN.

This case was commenced on June 28, 2002, when the United States filed a complaint against Colorado Mufflers Unlimited, Inc. ("CMU, Inc."), alleging that the United States had made an erroneous tax refund to CMU, Inc., in the amount of $88,768.70.  The United States sought a judgment in its favor and against CMU, Inc., in the amount of the erroneous refund, plus interest.

On July 17, 2002, Richard Rudd filed a document captioned Entry of Appearance in which he purported to act on behalf of CMU, Inc., in his individual capacity and as president of the corporation, and Dolores Rudd filed a similar Entry of Appearance purporting to act on behalf of CMU, Inc., individually and as the corporation's vice president.  On July 22, 2002, the Rudds filed an answer on behalf of CMU, Inc.  The United States moved to strike this answer and for the entry of a default against CMU, Inc., arguing that a corporation must appear in federal court through a

licensed attorney.  United States' Motion to Strike and for Entry of Default, filed August 7, 2002.

George E. Harp, an attorney, entered his appearance on behalf of CMU, Inc., on October 28, 2002.  He filed an answer on the corporation's behalf on November 25, 2002.  And, so far as I am informed, he continued to represent CMU, Inc., thereafter throughout the course of the litigation.

I granted summary judgment in favor of the United States and against CMU, Inc., on May 19, 2003.  Judgment entered in favor of the United States on August 8, 2003.  An appeal followed.  Mr. Harp appears to have represented CMU, Inc., in the circuit court.

On November 12, 2004, the circuit court affirmed the entry of judgment in favor of the United States but reversed my order refusing to award interest.  The matter was remanded with instructions that I amend the judgment to award interest to the United States pursuant to 26 U.S.C. § 6602.

By a judgment entered February 9, 2005 (the "Amended Judgment"), I attempted to comply with the circuit court's direction.  On June 9, 2005, the United States filed a motion (the "Motion to Correct"), arguing that the Amended Judgment was improper with respect to the post-judgment interest award.  The Motion to Correct contains a certificate of compliance with local rule 7.1A, D.C.COLO.LCivR, which states that counsel for the United States "spoke by telephone with George Harp, counsel for the defendant," and that the Motion to Correct was not opposed.  Motion to Correct, p.5.  A corrected judgment has been entered.

Then, on July 25, 2005, Dolores Rudd filed the instant Motion seeking reconsideration of earlier orders and a new trial.  Ms. Rudd does not indicate that she is a lawyer.  To the contrary, the Motion states:

> Mrs. Rudd, a woman, purchased the stock of Colorado Mufflers
> Unlimited, Inc. (Colorado Mufflers) on August 18, 2004.  Colorado

> Mufflers was then dissolved. . . . My last contact with Mr. Harp was
> approximately November 2004.  George Harp is now fired, because I
> no longer have funds to pay him.
>
> * * *
>
> Ms. Rudd is not an artificial entity and therefore is not now required
> to have an attorney for representation as Colorado local rules require
> of corporations.
>
> Ms. Rudd is entitled to defend her property interests. . . .

Motion, pp.1-2.

This action is brought against Colorado Mufflers Unlimited, Inc., a Colorado corporation. No motion to substitute parties ever has been filed or granted.  Ms. Rudd is not a party to this litigation.

A corporation, such as CMU, Inc., in this case, must be represented by a lawyer who is a member of the bar of this court.  28 U.S.C. § 1654; D.C.COLO.LCivR 11.1A; <u>Wallic v. Owens-Corning Fibreglass Corp.</u>, 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999)("[A] corporate defendant . . . [can] only appear by counsel admitted to the bar of this court"); <u>Reeves v. Queen City Transportation, Inc.</u>, 10 F. Supp. 2d 1181, 1188 (D. Colo. 1998)("It has been the law, for the better part of two centuries, that a corporation may appear in federal court only through a licensed attorney).

An attorney may seek to withdraw from a matter in which he has entered his appearance only pursuant to D.C.COLO.LCivR 83.3 D, which provides in relevant part:

> An attorney who has appeared in a case may seek to withdraw ono
> motion showing good cause.  Withdrawal shall be effective only on
> court order entered after service of the notice of withdrawal on all
> counsel of record and on the withdrawing attorney's client.  A
> motion to withdraw must state the reasons for withdrawal unless the
> statement would violate the rules of professional conduct.

Mr. Harp has not filed a motion to withdraw, and no order has been entered allowing him to withdraw.  Consequently, he continues as counsel of record for CMU, Inc.

Local rule 11.1A, D.C.COLO.LCivR, provides in part that any motion filed on behalf of a corporate party by any person other than its counsel of record, who must be a member of the bar of this court, may be stricken. The Motion, submitted on behalf of CMU, Inc., a Colorado corporation and the defendant here, is signed by Dolores Rudd, who is not a lawyer and is not a member of the bar of this court.

IT IS ORDERED that the Motion is STRICKEN.

Dated August 1, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge